

1  DON W. MARTENS (CA SBN 35477)
   JOSEPH F. JENNINGS (CA SBN 145920)
2  GREGORY A. HERMANSON (CA SBN 220094)
   KNOBBE, MARTENS, OLSON & BEAR, LLP
3  2040 Main Street, 14th Floor
   Irvine, CA 92614
4  Telephone: (949) 760-0404
   Facsimile: (949) 760-9502
5
   Attorneys for Plaintiff GSI LUMONICS
6  CORPORATION

7  MARLA J. MILLER (CA SBN 98425)
   JILL NEIMAN (CA SBN 164702)
8  MORRISON & FOERSTER LLP
   425 Market Street
9  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
10 Facsimile: (415) 268-7522

11 Attorneys for Defendant
   ELECTRO SCIENTIFIC INDUSTRIES, INC.
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                   WESTERN DIVISION

16

17  GSI LUMONICS CORPORATION, a          Case No. 03-5863 PA (SHx)
    Michigan corporation,,
18                                        STIPULATION
                   Plaintiff,             TRANSFERRING CASE
19                                        AND [PROPOSED] ORDER
          v.
20
    ELECTRO SCIENTIFIC INDUSTRIES,
21  INC., an Oregon corporation,          THIS CONSTITUTES NOTICE OF ENTRY
                                          AS REQUIRED BY FRCP, RULE 77(d).
22                 Defendant.

23

24        Plaintiff GSI Lumonics Corporation ("GSI") and Defendant Electro

25  Scientific Industries, Inc. ("ESI") stipulate as follows:

26        1.    The Complaint in this matter was served on August 18, 2003.

27

28

STIPULATION AND PROPOSED ORDER              1              No. 03-5863 PA (SHx)
TO TRANSFER ACTION
sf-1566753

1     2.    On August 21, 2003, this Court entered an Order to Show Cause
2 directing GSI to explain why this action should not be dismissed for improper
3 venue or transferred to another forum.

4     3.    On September 2, 2003, GSI filed a response to the August 21, 2003,
5 Order to Show Cause. GSI also filed a First Amended Complaint on the same day
6 making new allegations pertinent to whether venue over this dispute properly lies in
7 this District. (FAC ¶¶ 4-12.)

8     4.    Pursuant to Civil Local Rule 7-3, ESI informed GSI on September 8,
9 2003, that ESI intended to file a motion to transfer this case pursuant to 28 U.S.C. §
10 1404(a), or to dismiss or transfer this case for lack of proper venue pursuant to Rule
11 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1391(b),
12 1400(b), and 1406.

13     5.    As a result of this meet and confer process, the parties had fruitful
14 discussions according to which they have reached a resolution of ESI's objections
15 to venue in this District.

16     6.    GSI and ESI agree that venue does not properly lie over this dispute in
17 the Central District of California because, *inter alia*, the accused devices have never
18 been sold in this District, the accused devices are not marketed or manufactured in
19 this District, and no sales or marketing decisions about the accused devices were
20 made in this District.

21     7.    GSI and ESI agree that ESI has had certain, limited contacts within
22 this District. However, GSI and ESI also agree that these contacts are not related to
23 the accused devices and thus pertain only to the exercise of general jurisdiction.

24     8.    GSI and ESI agree that ESI's unrelated contacts with this District fall
25 short of the significant showing needed to establish general jurisdiction over ESI in
26 this District.

27     9.    GSI and ESI agree that venue properly lies in the Northern District of
28 California because ESI has sold one or more of the accused devices in the Northern

STIPULATION AND PROPOSED ORDER    2    No. 03-5863 PA (SHx)
TO TRANSFER ACTION
sf-1566753

1    District of California and has shipped one or more of the accused devices to

2    locations in the Northern District of California. GSI and ESI agree that such

3    conduct forms the basis for the Northern District of California to exercise specific

4    jurisdiction over ESI.

5         10.    In light of the foregoing, GSI and ESI agree that this litigation should

6    be transferred to the United States District Court for the Northern District of

7    California pursuant to 28 U.S.C. § 1406, and that said transfer would further the

8    interests of justice.

9         11. The parties request that the Court enter the Order attached hereto.

10

11   Dated:    September 16, 2003          DON W. MARTENS
                                           JOSEPH F. JENNINGS
12                                         GREGORY A. HERMANSON
                                           KNOBBE, MARTENS, OLSON &
13                                         BEAR, LLP

14

15                                         By: _____
                                              Joseph F. Jennings
16                                            Attorneys for Plaintiff GSI
                                              LUMONICS CORPORATION
17

18   Dated:    September 16, 2003          MARLA J. MILLER
                                           JILL NEIMAN
19                                         MORRISON & FOERSTER LLP

20

21                                         By: _____
                                              Marla J. Miller
22

23                                         Attorneys for Defendant
                                           ELECTRO SCIENTIFIC
                                           INDUSTRIES, INC.

24

25

26

27

28

## [PROPOSED] ORDER

Having reviewed the documents on file in this case, the Court finds and rules as follows:

1. On August 21, 2003, the Court entered an Order to Show Cause directing Plaintiff GSI Lumonics Corporation ("GSI") to explain why this action should not be dismissed for improper venue or transferred to another forum.

2. On September 2, 2003, GSI filed a response to the August 21, 2003 Order to Show Cause. GSI also filed a First Amended Complaint on the same day making new allegations pertinent to whether venue over this dispute properly lies in this District. (FAC ¶¶ 4-12.)

3. The parties agree that: (1) the accused devices have never been sold in this District, (2) the accused devices are not marketed or manufactured in this District, and (3) no sales or marketing decisions about the accused devices were made in this District.

4. ESI has had certain, limited contacts within this District. However, these contacts are not related to the accused device and thus can pertain only to the exercise of general jurisdiction.

5. The Court finds that ESI's unrelated contacts with this District fall short of the showing needed to establish general jurisdiction over ESI in this District.

6. The Court finds on this basis that venue does not properly lie over this dispute in the Central District of California.

7. The Court finds that venue properly lies in the Northern District of California because ESI has sold one or more of the accused products in the Northern District of California. Such conduct forms the basis for the Northern District of California to exercise specific jurisdiction over ESI. Accordingly, the transfer of this action to the Northern District of California would further the interests of justice.

STIPULATION AND PROPOSED ORDER
TO TRANSFER ACTION
sf-1566753

4

No. 03-5863 PA (SHx)

1    8.    In light of the foregoing, the Court ORDERS that this litigation be

2   transferred to the United States District Court for the Northern District of

3   California.

4

5        IT IS SO ORDERED.

6

7

8   Dated: _September 18, 2003_        _____

9                                         Honorable Percy Anderson
                                          United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

    I am a citizen of the United States of America, and I am employed in the offices of the law firm of Knobbe, Martens, Olson & Bear, LLP in Irvine, California.  I am over the age of 18 and not a party to the within action.  My business address is 2040 Main Street, Suite 1400, Irvine, California 92614.  On September 17, 2003 I served **STIPULATION TRANSFERRING CASE AND [PROPOSED] ORDER** on the parties or their counsel shown below, by placing a true copy thereof in a sealed envelope addressed as follows:

**VIA FACSIMILE AND**
**US MAIL:**

                     **Marla Miller**
                     **Jill Neiman**
                     **MORRISON & FOERSTER LLP**
                     **425 Marked Street**
                     **San Francisco, California 94105-2482**
                     **Facsimile (415) 268-7522**

    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on September 17, 2003, at Irvine, California.

                                                   
Lori Hicks

H:\DOCS\LIT\GSILUM2L.001L.DOC
09/17/2003